OPINION *Page 2 
{¶ 1} Defendant-appellant Adam David Jones appeals his sentence and conviction entered in the Stark County Court of Common Pleas on one count of Carrying a Concealed Weapon, a felony of the fourth degree, and one count of Unlawful Possession of a Dangerous Ordnance, a felony of the fifth degree.
 {¶ 2} Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On September 27, 2006, an East Canton Police Officer Mitchell Hershberger responded to a call regarding an automobile accident. (Supp. T. at 9). When he arrived at the location of the accident, 113 East Nassau Street in East Canton, neither vehicle was still at the scene. Officer Hershberger talked with a witness who worked at the nearby gas station, and was told that a small red Ford Ranger had struck the rear end of a full-size van. (Supp. T. at 10). The driver of the van got out and exchanged words with the driver of the Ford Ranger. (Supp. T. at 10). The driver of the van then got back into his vehicle, made a U-turn, and left the scene. (Supp. T. at 10). The Ford Ranger also left the scene, proceeding westbound on Nassau Street. (Supp. T. at 10)
 {¶ 4} At the scene the officer found some debris which appeared to be from a Ford Ranger. (Supp. T. at 11). Approximately ten minutes later, after the officer had left the scene and had returned to the Town Hall where he was also bailiffing, the officer received a dispatch advising that a red Ford Ranger with a smashed front and headlights out was "hiding" in the area of the Old Coyote Restaurant, which is located in Osnaburg Township approximately one-half mile from East Canton. (Supp. T. at 12-13). *Page 3 
The officer proceeded to the Old Coyote Restaurant; however there was no sign of the vehicle as reported. (Supp. T. at 12-13, 20, 26-27). The officer continued to search for the vehicle, searching a nearby trailer park without success. (Supp. T. at 28). The officer next traveled westbound approximately another one-half mile on West Nassau Street/Lincolnway out to Trump Road to check the businesses located there, and then returned "doing a sweep back towards town." (Supp. T. at 13).
 {¶ 5} The Officer stopped to check a car wash parking lot, in Canton Township, when another motorist pulled up to him and complained of a vehicle traveling westbound, which was driving without headlights, and which had nearly struck his vehicle. (Supp. T. at 14-15, 20). The Officer drove back east until he encountered a Ford Ranger pick-up truck. (Supp. T. at 15). The Officer then turned around and initiated a traffic stop. (Supp. T. at 15). The front end of the truck was damaged and the headlights were not on. (Supp. T. at 16). Adam Jones was driving the vehicle and Shawn Skropits was the only passenger. (Supp. T. at 17-18).
 {¶ 6} Almost immediately following the approach and encounter with the occupants of the vehicle, both individuals indicated that there were guns in the vehicle. Both Appellant Adam David Jones and his passenger, Shawn Michael Skropits, were subsequently arrested.
 {¶ 7} On November 2, 2006, Appellant Adam Jones and his passenger Shawn Skropits were each indicted on one count of Carrying a Concealed Weapon, a fourth degree felony, and one count of Unlawful Possession of a Dangerous Ordnance, a fifth degree felony. The indictments also charged that each were either the principal offender *Page 4 
or they aided and abetted each other. The men were charged with having four handguns and a sawed-off shotgun, along with ammunition for the guns, in the vehicle.
 {¶ 8} On January 22, 2007, Appellant Adam Jones filed his Motion to Dismiss and/or Suppress.
 {¶ 9} On January 30, 2007, the trial court held a Suppression Hearing.
 {¶ 10} At said Suppression hearing, the Officer stated that he was not in "hot pursuit" of any vehicle during this investigation (Supp. T. at 25, 32). He also stated that he did not contact another police department for assistance before he initiated the traffic stop. (Supp. T. at 29-30). The Officer stated that he was investigating a "hit skip accident." (Supp. T. at 20). Later he stated that he suspected the suspect of littering by leaving part of the vehicle in the roadway. (Supp. T. at 41). Finally, the Officer admitted that, according to the only witness to the accident, the drivers of the two vehicles spoke briefly and the van left the scene first. (Supp. T. at 41).
 {¶ 11} By Judgment Entry filed February 2, 2007, the trial court overruled Appellant's Motion to Suppress.
 {¶ 12} After the suppression motion was overruled, Appellant Jones changed his former plea of not guilty to a plea of no contest to the charges in the indictment. Based upon the evidence presented at the suppression hearing, the trial court found Appellant Jones guilty as charged and ordered a probation investigation report. Upon the completion of this report, the trial court imposed a community control sanction for a period of two years.
 {¶ 13} Appellant Jones thereafter filed the instant appeal to challenge the court's suppression ruling, assigning the following error for review: *Page 5 
 ASSIGNMENT OF ERROR {¶ 14} "I. THE TRIAL COURT ERRED IN NOT GRANTING THE APPELLANT`S MOTION TO SUPPRESS."
 I. {¶ 15} In his sole assignment of error, Appellant argues that the police had insufficient reasonable suspicion or probable cause to support their initial stop of his vehicle. We agree.
 {¶ 16} Revised Code § 2935.03(A)(1) governs a police officer's jurisdiction to arrest. It is undisputed in this case that the arresting officer was outside of his territorial jurisdiction when he made the arrest as the subject vehicle was located outside of the East Canton border. When determining whether an extraterritorial stop triggers the exclusionary rule, a court must determine, under the totality of the circumstances, whether the statutory violation rises to the level of a constitutional violation, i.e., whether the police officer had reasonable suspicion to stop and sufficient probable cause to arrest appellant. State v. Weideman, 94 Ohio St.3d 501, 764 N.E.2d 997,2002-Ohio-1484.
 {¶ 17} If the totality of the facts and circumstances demonstrate that police had a reasonable, articulable suspicion of criminal conduct sufficient to warrant the investigative stop and detention, and probable cause to arrest, then while that extraterritorial seizure may violate R.C. § 2935.03, it does not rise to the level of a constitutional violation requiring suppression of all evidence derived from the stop. Id.
 {¶ 18} The Fourth Amendment states that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and *Page 6 
seizures, shall not be violated * * *." The amendment has been extended to seizures of passengers in traffic stops under the rationale that the amendment "protects people, not places." Katz v. United States (1967),389 U.S. 347, 351, 88 S.Ct. 507, 19 L.Ed.2d 576. Using the reasonableness requirement of the amendment, the United States Supreme Court has held that a seizure must be reasonable both at its inception and throughout its duration. See Terry v. Ohio (1968), 392 U.S. 1, 20,88 S.Ct. 1868, 20 L.Ed.2d 889.
 {¶ 19} An investigatory stop is permissible if a law enforcement officer has a reasonable suspicion, based on specific and articulable facts, that the individual to be stopped may be involved in criminal activity. Terry v. Ohio (1968), 392 U.S. 1, 21-22, 88 S.Ct. 1868. When determining whether or not an investigative traffic stop is supported by a reasonable, articulable suspicion of criminal activity, the stop must be viewed in light of the totality of circumstances surrounding the stop. State v. Bobo (1988), 37 Ohio St.3d 177, 524 N.E.2d 489, paragraph one of the syllabus, cert. denied (1988), 488 U.S. 910, 109 S.Ct. 264.
 {¶ 20} Upon review of the facts in the case sub judice, we do not find that the officer had reasonable suspicion, based on specific and articulable facts, that the driver of the vehicle or his passenger may have been involved in criminal activity. The dispatch call received by Officer Hershberger was for a traffic accident. Upon driving to the scene and finding that the vehicles were no longer there, he interviewed a witness who informed him that the two drivers involved in the accident spoke to one another and that both left the scene thereafter. Based on this information, Officer Hershberger had no reason to believe that a crime had occurred. Even after he received the second call about the red Ford Ranger "hiding" near the Coyote Restaurant, which was outside his *Page 7 
jurisdiction, he still had no reason to believe that a crime had been committed. He did not drive out of his jurisdiction in "hot pursuit". We further find that the officer did not have jurisdiction to pull over the vehicle in question based on the complaint he received while outside of his jurisdiction, from another motorist, that a vehicle driving without its headlights on had almost hit him.
 {¶ 21} Accordingly, we find the officer did not have a reasonable suspicion of criminal activity sufficient to justify the extra-territorial stop in the case sub judice.
 {¶ 22} We therefore find that Officer Hershberger's action in making an extraterritorial stop of the vehicle in the case sub judice violates the reasonableness requirement of the Fourth Amendment. Officer Snow's statutory violation in this case therefore requires suppression of all evidence flowing from the stop.
 {¶ 23} Accordingly, we hereby sustain Appellant's assignment of error.
 {¶ 24} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed and this matter is remanded for further proceedings consistent with the law and this opinion.
Wise, J., Farmer, P. J., concurs.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed and remanded for further proceedings consistent with this opinion. Costs to appellee. *Page 8